STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO. AP-00-003

                                                        REC-CUM-3/10/2000

INHABITANTS OF THE TOWN          )
OF HARPSWELL,                    )
                                 )
        Plaintiff-Appellee       )
                                 )              ORDER
v.                               )
                                 )
MITCHELL AND ALICE KANE,         )
                                 )
        Defendants-Appellants.   )


## FACTS & PROCEDURAL HISTORY

The Inhabitants of the Town of Harpswell ("Town") brought a forcible entry

and detainer ("FED") action in the District Court, against Defendants Mitchell and

Alice Kane ("Kanes"), pursuant to 14 M.R.S.A. §6008 and M.R. Civ.P. 80D. The

Town had a properly created and perfected statutory tax lien on property of Francis J.

Pagurko ("Pagurko"),[1] on which Defendants live. Stipulation ("Stipulation"), ¶3.

Pagurko was the record owner of the land at the time of the Town's foreclosure

action. Defendants had entered into an installment sales contract with Pagurko in

1991, which was not recorded in the registry of deeds until January of 1995.

Stipulation, ¶2.

Prior to the FED action, the parties entered into a Court-approved settlement,

dated July 29, 1996 (Saufley, J.), whereby Pagurko and the Kanes agreed to pay the

---

[1] As Plaintiff argues, the Defendants were not entitled to notice of the Town's foreclosure
action. See Mason v. Town of Readfield, 1998 ME 201, ¶8, 715 A.2d 179, 181 (purchaser of installment
land contract is not a "mortgagor" until Legislature expressly dictates).

Town $11,700. Under the repayment plan, Pagurko was obligated to pay the Town $8,000 plus interest, while the Kanes were obligated to pay $3,700 plus interest[2]. The parties agreed that if the amount due from the Kanes was not paid at the time the lien matured (December 14, 1997), the Town could take possession of the property at that time. The Town foreclosed on its statutory tax lien mortgage on December 14, 1997 and, in this proceeding, seeks possession of the property from the Kanes.

In September of 1997, Defendants filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Maine. See Adversary Complaint, ¶24. Defendants then filed for Chapter 13 Bankruptcy on the date originally scheduled for the FED hearing in the District Court, June 2, 1999. See Stipulation, ¶9. On August 6, 1999, Defendants filed an adversary complaint in the Bankruptcy Court seeking to determine the validity and priority of the Town's lien on the land. In the complaint, the Defendants asserted that they did not receive notice of the Town's foreclosure action, nor did the Town permit them to tender certain payments. See id., ¶¶25,31. Notwithstanding the Defendants' contentions, the Bankruptcy Court dismissed the case, holding that it did not have subject matter jurisdiction over the controversy because the Kanes had no interest in the property. See Order dated October 18, 1999; Stipulation, ¶11. In so holding, the Court referred to a previous ruling of the Bankruptcy Court in Defendants' Chapter 7 case, determining that any rights the Defendants had in the property were lost and that the Town was relieved from a bankruptcy stay and could proceed with the action. See Transcript of Ruling

---

2 The Order also provided that if Pagurko did not pay his share, the Kanes would become responsible for it, obligating them to pay $174.13 per month over seven and a half years.

from the Bench, August 9, 1999.

The parties were heard on the FED case in the District Court October 20, 1999. The District Court allowed both parties to submit affidavits and memoranda of law in addition to a jointly filed stipulation of facts. The District Court (Field, J.) granted judgment in favor of the Town on December 8, 1999. Defendants appealed to this Court, demanding a jury trial *de novo*, and Plaintiff moved to dismiss the appeal.

## DECISION

A party bringing an appeal by jury trial de novo, pursuant to M.R. Civ. P. 80D(f), must show by specific facts that there is a "genuine issue of material fact as to which there is a right to trial by jury." M.R. Civ. P. 80D(f)(5) provides that if the court finds that the appellant has not shown a genuine issue of fact necessitating a jury trial de novo, the court shall dismiss the appeal.

The Defendants' affidavits have not set forth any genuine issues of material fact. Defendants attempt to raise a genuine issue with respect to payments made pursuant to the court-approved settlement well before August of 1999, the date of the first time the Bankruptcy Court determined that the Kanes had no interest in the property. Defendants are barred by res judicata from relitigating the validity of the Town's foreclosure action as against them[3]. See Cline v. Maine Coast Nordic, 1999 ME 72, ¶9, 728 A.2d 686, 688 ("collateral estoppel, or issue preclusion, is the prong of res judicata that prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and ... the party estopped had a fair opportunity and incentive to litigate the issue in a prior

_____

[3] In their Opposition to Plaintiff's Motion to Dismiss, Defendants did not counter Plaintiff's issue preclusion argument.

proceeding"). The Bankruptcy Court twice held that Defendants, as both Chapter 7 and Chapter 13 debtors, do not have a valid interest in the property.[4] See, e.g., Railway Labor Executives' Assoc. v. Guilford Transp. Indus. Inc., 989 F.2d 9, 11 (1st Cir. 1993) (dismissal of case for lack of subject matter jurisdiction is a final judgment on the merits barring relitigation of that issue).

The entry is

Defendants' appeal is DISMISSED.

Dated:      March 9, 2000

_Robert E. Crowley_
Robert E. Crowley
Justice, Superior Court

---

[4] Defendants' argument that the Town is equitably estopped from claiming that the tax foreclosure is valid as against the Defendants fails. The Law Court has held that an equitable estoppel argument against a government regarding its taxing responsibilities will never succeed. Fitzgerald v. City of Bangor, 1999 ME 50, ¶15, 726 A.2d 1253.

Date Filed ___01-10-00___ ___CUMBERLAND___ Docket No. ___AP 00-003___

County

Action ___APPEAL FROM DISTRICT COURT - FORCIBLE ENTRY DETAINER___

INHABITANTS OF THE TOWN OF HARPSWELL                MITCHELL KANE   and
                                                    ALICE KANE

ᗺONALD L. C------ ---'T
LAWᏞᏞ  vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| SALLY DAGGETT, ESQ 775-7271 <br> PO BOX 4510, PORTLAND ME 04112 | RALPH BROWN ESQ 773-3133    (Both) <br> 19 CANDLEWYCK ROAD <br> PORTLAND MAINE 04102 |

MAR 16 2000

| Date of Entry | |
|---|---|
| **2000** <br> Jan. 10 | Received 01-10-00: <br> All paperwork received from Sagadahoc County Superior Court. <br> Change of Venue Purusant to Order signed 01-03-00 (Mills, J.) |
| Jan. 14: | Received 1-13-00. <br> Order - Forcible Entry and Detainer, filed. (Crowley, J.) <br>     Hearing on entitlement to jury trial de novo to be taken up at time of <br>     hearing on motion to dismiss. <br> Copies mailed Sally Daggett, Esq. and Ralph Brown, Esq. on 1-14-00. |
| Jan.  27 <br> ""   "" | Received 01/25/00: <br> Affidavit of Mitchell E. Kane filed. <br> Appellants' Memorandum in Opposition to Appellee's Motion to Dismiss <br> filed. |
| Jan. 28: | On 1-28-00. <br> Notice of Setting for hearing on Plaintiff-Appellee Inhanbitants of the <br> Town of Harpswell's Motion for Writ of Possession and Entry of Judgment <br> Dismissing the Appeal scheduled for February 16, 2000 at 9:30 a.m. mailed <br> Sally Daggett, Esq. and Ralph Brown, Esq. this day. |
| Feb.  02 | Received 02/01/00: <br> Plaintiff-Appellee's Reply to Defendants-Appellants' Opposition to Plaintiff's Motion <br> for Issuance of the Writ of Possession and Entry of Judgment dismissing the Appeal filed |
| Feb. 23: | On 2-16-00. <br> Hearing held on Plaintiff-Appellee's Motion for Writ of Possession and Ent <br> of Judgment Dismissming the Appeal. <br> Court takes matter under advisement. <br> Crowley, J. Presiding, Electronic Recording Tape No. 1848, Index Nos. <br> 1990-3041, Sally Daggett, Esq. for Inhabitants of the Town of Harpswell <br> and Ralph Brown, Esq. for Mitchell and Alice Kane. |