STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2003 MAY 28 A 10: 47

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-41

REC -Cum - 5/22/2002

LEA CLOUTIER-HENNIGAR,
                    Petitioner

v.

ORDER ON 80C APPEAL

MAINE WORKERS' COMPENSATION
BOARD,
                    Respondents.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 2 2003

Petitioner appeals from the decision of the Workers' Compensation Board Abuse

Investigation Unit to impose a penalty of $1,000 and order repayment of benefits

received from 1992 through November 27, 1996.

## FACTUAL BACKGROUND

From 1983 until November 11, 1987, Petitioner worked as a waitress for

Sheraton Tara Hotel (Sheraton), when she suffered a work-related injury compensable

under the Maine State Workers' Compensation Act, then 39 M.R.S.A. §§ 1 - 195 (now

39-A M.R.S.A. § 101 – 909) (the Act). Pursuant to a 1989 decree, Petitioner was awarded

partial (15%) disability. R. at 12-13. Before and after the injury, Petitioner continued to

work for her second employer Maco Management Company.  In June of 1992,

Petitioner began to work for the Mariner's Church Banquet Center as an on-call

banquet waitress. R. at 212.

In 1995, Sheraton filed a Petition for Review with the Workers' Compensation

Board (the Board) seeking: 1) a grant of the Petition for Review and an order that

weekly benefits cease; 2) a finding of a violation of 39 M.R.S.A. § 106(1) and 39-A

M.R.S.A. § 308(1); 3) a grant of forfeiture of benefits for failure to accept reinstatement

to suitable work; and 4) an order of repayment of compensation received by a violation

of the Act, fraud, or intentional misrepresentation, pursuant to 39 M.R.S.A. § 66-A, §218(5) and 39-A M.R.S.A. § 360(2). R. at 82.

On November 27, 1996, the Board found no indication that Petitioner was notified of her duty to report her earnings to Sheraton, as required by 39-A M.R.S.A. § 308(1) (1993). R. at 69. Absent that notice, the Board found that Petitioner could not be held to have violated the reporting requirements of 39-A M.R.S.A. § 308(1). Id. The Hearing Officer granted Sheraton's petition to terminate compensation *because Petitioner's new wages were greater than her old wages.* R. at 70. All other claims of the Sheraton were denied. Id. Specifically, the Hearing Officer determined that "[s]ection 360(2) provides possible remedies for the present employer/insurer, but . . . is not within this hearing officer's jurisdiction." R. at 69. Section 360(2) provides for civil penalties and repayment for "any willful violation of this Act, fraud, or intentional misrepresentation. 39-A M.R.S.A. § 360(2); see also R. at 69. The Employer requested Findings of Fact and Conclusions of Law, which the Hearing Officer decided were unnecessary and left the decision unchanged. R. at 71-72.

The Board's Abuse Investigation Unit (AIU), with which Sheraton filed a Petition for Penalties simultaneously with the Petition for Review, disagreed with the Board Hearing Officer, and on July 7, 2002, found Petitioner's failure to report her earnings constituted a willful violation or fraud pursuant to 39 M.R.S.A. §§ 106(3), 113(2). R. at 586-87.[1] The AIU found Petitioner's claim that she was unaware of the duty to report "unpersuasive and incredible"; it also determined that she intentionally concealed her return to work. R. at 585. The Board's Executive Director, writing for the AIU,

---

[1] The AIU is an administrative unit of the Board, which raises the issue that there exist two decisions from the "Board," based on identical facts, with seemingly different legal conclusions. However, only the AIU decision is properly before the court.

determined that § 106(3) contained a requirement for the Board to notify the employee of her duty to report.[2]

The AIU concluded in the alternative that if 39-A M.R.S.A. § 308(1) is deemed applicable, then "compliance by the Board with the language directing the Board to notify employees of the duty to report returns to work, is not a pre-requisite to relief before the Abuse Unit." R. at 587. The AIU also concluded that the statutory notice was fulfilled by the Petitioner's independent knowledge of her duty to report. Accordingly, the AIU assessed a $1,000 civil penalty against Petitioner and ordered the repayment of all benefits received for incapacity between her return to work at Mariner's Church Banquet Center and the Board's decree of November 27, 1996.

## DISCUSSION

Pursuant to a Rule 80C appeal, the Commission's decision is reviewed "directly for abuse of discretion, errors of law, or findings not supported by the evidence." Centamore v. Dep't of Human Serv., 664 A.2d 369, 370-71 (Me.1995). An administrative decision will only be reversed or modified if the findings, inferences, or conclusions are: "(1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion." Hale-Rice v. Maine State Retirement Sys., 1997 ME 64, ¶ 8, 691 A.2d 1232.

### Applicable Law

Although not addressed by the parties, the court must first answer the threshold question of which law applies to the present case: the pre-1993 law or the post-1993 law. Both the decision of the AIU, from which Petitioner appeals, as well as the previous decision of the Hearing Officer, apply the facts to the pre-1993 law and, in the

---

[2] This is an inaccurate conclusion as of January 1992. See infra at 3-4.

alternative, to the post-1993 law. In 1991, the Legislature redrafted much of the Act, which resulted in the repeal of Title 39 and the adoption of Title 39-A, effective January 1, 1993. In 1991, the legislature added language, which required employees to report subsequent returns to work. L.D. 1981 (115th Legis. 1991) (effective January 1992); 39 M.R.S.A. § 106(3)(1989 & Supp.1992). The 1991 amendment to Title 39 included a statement that the Board "shall send the employee notice of the employee's responsibility to notify the [Board] and the employer when the employee returns to work." 39 M.R.S.A. § 106(3) (1989 & Supp.1992). The Board continues to be responsible for this notification under the post-1993 law. 39-A M.R.S.A. §308(1)(1993 & 2003). Therefore, whether the Title 39 or Title 39-A is applied, the law is the same—Petitioner was required to notify of her return to work and the Board should have notified her of this duty.

The AIU found that the Board's failure to notify Petitioner of the obligation to report her return to work did not relieve Petitioner of her obligation to report. "The administrative agency's interpretation of a statute administered by it, while not conclusive or binding on this court, will be given great deference and should be upheld unless the statute plainly compels a contrary result." Thacker v. Konover Dev. Corp., 2003 ME 30, ¶ 14, 818 A.2d 1013 (internal quotations omitted). In the present case, the duty of the Petitioner to report a return to work pre-existed the 1992 creation of the Board's obligation to notify employees. Furthermore, neither the 1992 statute nor any subsequent amendments to the applicable present-day section, indicate that notification by the Board is a prerequisite to imposition of the duty to report. 39 M.R.S.A. § 106(3) (1989 & Supp.1992); . 39-A M.R.S.A. §308(1)(1993 & 2003). For the above reasons, the AIU's interpretation is not error, notwithstanding the harmless error regarding the 1992 statute. See supra note 2.

4

## Collateral Estoppel

Petitioner contends that the AIU is collaterally estopped from determining the issue of whether Petitioner owed a duty to report her return to work because the Board Hearing Officer previously determined that no duty existed due to the Board's failure to notify her of the duty. Collateral estoppel represents the "issue preclusion" prong of *res judicata* and prevents the reopening, in a second action, of an issue of fact actually litigated and decided in an earlier case. Camps Newfound/Owatonna v. Harrison, 1998 ME 20, ¶ 11, 705 A.2d 1109. (describing the two species of *res judicata*: "issue preclusion" and "claim preclusion"). See also Van Houten v. Harco Constr., Inc., 655 A.2d 331, 333 (Me. 1995) (collateral estoppel must be accorded to administrative proceedings).

Collateral estoppel applies only when the issue that the party is to be precluded from relitigating has been (1) actually litigated; (2) determined by a final and valid judgment and (3) the determination was essential to the judgment. Cline v. Maine Coast Nordic, 1999 ME 72, ¶ 9, 728 A.2d 686; Society of Lloyd's v. Baker, 673 A.2d 1336, 1341 (Me. 1996).

The facts of the present case do not support a finding that recovery is barred by the doctrine of collateral estoppel because the issue was not essential to the judgment. There is sufficient evidence on the record to determine that the Hearing Officer addressed only the issues of Petitioner's duty to report and her higher level of income. Moreover, a finding of failure to report was not essential to the Hearing Officer's determination because 39 M.R.S.A. § 113(2)(1989) still allows for the assessment of penalties for other reasons. Id. (including "willful violation of this Act, fraud or intentional misrepresentation"). The express language of the Hearing Officer's 1996 decree lends additional support to this conclusion. The Hearing Officer granted Sheraton's petition to terminate compensation *because Petitioner's new wages were*

*greater than her old wages.* R. at 70. The mention of Petitioner's liability for failure to report pursuant to 39-A M.R.S.A. § 360 (1993 & Supp. 2002) was mentioned only as an aside. R. at 69.[3]

There exists substantial evidence on the record that Petitioner did violate her duty to report her return to work, thus satisfying the requirements for the AIU's imposition of penalties pursuant to 39 M.R.S.A. § 113(2) (1989): Petitioner admitted beginning work at Old Port Tavern in June of 1992 (R. at 68.); she never reported this to the Board or the Board until the November 1996 Petition for Review (Id. at 69.); penalties were appropriate and within the discretion of the Board (39 M.R.S.A. § 113(2) (1989)). Furthermore, the AIU correctly determined "that compliance by the Board with the language directing the Board to notify employees of the duty to report returns to work, is not a pre-requisite to relief before the Abuse Unit." R. at 587. 39-A M.R.S.A. § 308(1) imposes an independent obligation to report a return to work, notwithstanding the failure of the Board to notify her of this obligation. Because collateral estoppel does not bar the AIU's determination and assessment of penalties, Sheraton's contention of prejudice need not be addressed.

---

[3] It cannot be determined if the Hearing Officer's decision was valid under the pre-1993 law because it is not known whether the Board Rules in effect at the time contained a provision similar to ch. 15. § 9, which removes determinations of violations of § 360 from the Hearing Officer's jurisdiction and places them within the jurisdiction of the AIU. However, such a determination is unnecessary in light of the finding that issue of reporting was not essential to the Hearing Officer's decision. In the alternative, if the post-1993 law is deemed to apply,

The entry is

The decision of the Workers' Compensation Board Abuse Investigation Unit is AFFIRMED.

Dated at Portland, Maine this 28th day of May, 2003.

_____
Robert E. Crowley
Justice, Superior Court

---

Petitioner's collateral estoppel argument still fails because the Hearing Officer lacked jurisdiction, which precludes the entry of a valid judgment.

Date Filed __07-30-02__     __CUMBERLAND__     Docket No. ___AP-02-41___

County

Action ___80C APPEAL___

LEA CLOUTIER

STATE OF MAINE,
WORKERS' COMPENSATION BOARD
SHERATON TARA/FLATLEY COMPANY
vs.     & ZURICH AMERICAN INS. COMPANY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JEFFREY NEIL YOUNG, ESQ.<br>McTeague, Higbee, Case, Cohen, Whitney<br>& Toker, P.A.<br>4 Union Park<br>P.O. Box 5000<br>Topsham, ME 04086<br>(207) 725-5581 | JOHN C. ROHDE, ESQ.<br>27 STATE HOUSE STATION (Workers'Comp)<br>AUGUSTA, MAINE 04333-0027<br>207-287-7086<br><br>ALISON DENHAM, ESQ.<br>P.O. BOX 7108 (Sheraton Tara & Zurich)<br>PORTLAND, MAINE 04112-7108<br>744-1486 |

Date of
Entry

2002
July 30
    Received 07-30-02:
    Summary Sheet filed.
"     "
    Plaintiff's Petition for Judicial Review of Final Agency Action with
    Exhibits A-B filed.

Aug 20
    Received 8-16-02:
    Respondents State of Maine Workers Compensation Board Motion for
    Enlargement of Time in Which to File Appearance and Statement of Position,
    filed.

Aug. 27
    Received 08-22-02:
    Entry of Appearance of John C. Rohde, Esq. as General Counsel for The
    Workers' Compensation Board's filed.
"     "
    Administrative Record (Volume 1 & 11) filed.

Aug. 27
    On 8-27-02.
    As to Respondents' Motion for Enlargement of Time in Which to File
    Appearance and Statement of Position:
    Granted without objection. (Crowley, J.)
    Copies mailed Jeffrey Neil Young, Esq., John Rohde, AAG. and Timothy
    Collier, AAG on 8-27-02.

Aug. 28
    Received 08-12-02:
    Entry of Appearance of Alison Denham, Esq. as counsel for Sheraton Tara
    Flatley Company and Zurich American Insurance Company filed.

Aug. 30
    On 8-30-02.
    Briefing schedule mailed. Petitioner's brief due 10-1-02.

Oct. 2
    Received 10-1-02.
    Plaintiff's brief in support of complaint and petition for review of
    fianl agency action filed.