STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-18
*MMM - KEN-4/22/2008*

STATE OF MAINE,            )
                          )
            Plaintiff,     )
                          )
v.                         )
                          )
EUGENE O. LEDUC,           )
                          )
            Defendant.     )

DECISION AND ORDER ON
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

Plaintiff State of Maine (the "State") has moved for summary

judgment in its favor on its Complaint for Collection of Unpaid Maine

Sales Tax, Interest, and Penalties ("Complaint") pursuant to M.R. Civ. P.

56. Pursuant to M.R. Civ. P. 56(c), the State is entitled to summary

judgment if there is no genuine issue as to any material fact and it is

entitled to judgment as a matter of law. For the reasons cited herein, the

Court finds that there is no genuine issue as to any material fact, and

the State is entitled to judgment as a matter of law. Accordingly, the

Court GRANTS the State's motion in its entirety.

### Procedural Background

The State filed its Complaint on or about January 17, 2007. At the

same time, the State submitted its Certificate of State Tax Assessor

Pursuant to 36 M.R.S.A. § 174(1) ("Certificate"). Mr. LeDuc was

personally served with the Summons, Complaint and Certificate in

Holiday, Florida, on January 30, 2007. Mr. LeDuc subsequently filed his

*pro se* handwritten [undated] letter Answer on or about February 12, 2007 ("Answer"). The Answer denies generally that Mr. LeDuc is responsible for payment of the sales taxes of Duke's Ladder & Scaffold, Inc.[1] On April 26, 2007, the Court issued its Scheduling Order, which set a discovery deadline of December 26, 2007. It does not appear that the parties conducted any discovery.[2]

## STATEMENT OF FACTS

At all relevant times, Mr. LeDuc was the owner of Duke's Ladder & Scaffold ("Duke's"), doing business in Casco, Maine from at least June 1, 1993, through June 30, 1998. At all relevant times as the owner of Duke's, Mr. LeDuc was an employer who maintained an office or transacted business within this State.

---

[1] Mr. LeDuc's Answer does not address the individually numbered paragraphs in the State's Complaint, which are therefore deemed admitted. M.R. Civ. P. 8(d). In any event, in support of its Motion for Summary Judgment, the State also submitted the Affidavit of Philip O. Young and the Certificate which also establish its claims by affirmative evidence.

[2] Any issue relating to Mr. LeDuc's underlying tax liability is not relevant here, as he may not now collaterally attack the tax liability which is valid and final. *See* 36 M.R.S.A. § 174 ("In this action, the certificate of the assessor showing the amount of the delinquency is prima facie evidence of the levy of the tax, of the delinquency and of the compliance by the assessor with this Title in relation to the assessment of the tax."); *see also Quirion v. P.U.C.*, 684 A.2d 1294, 1296 (Me. 1996) (recognizing the court has extended the principle of *res judicata* effect of final judgments to adjudicative decision of administrative bodies, and barring a collateral attack on an otherwise final judgment of an administrative body); *Cline v. Maine Coast Nordic*, 1999 ME 72, ¶9, 728 A.2d 686, 688 (recognizing that collateral estoppel is applicable to administrative proceedings, and dismissing appellant's complaint for declaratory relief based upon estoppel as a result of earlier proceedings); *Maine Cent. R.R. Co. v. Town of Dexter*, 588 A.2d 589 (Me. 1991)(in tax proceedings, court determined that under principles of *res judicata*, when an administrative determination becomes final, the Superior Court should not grant a collateral review on the merits of the administrative determination); and Decision and Order on Plaintiff's Motion for Summary Judgment dated October 3, 2006 in *State of Maine v. James H. Furlong*, CV-06-177. Here, Mr. LeDuc did not request reconsideration of the assessment at issue, which therefore became valid and final within thirty (30) days. Because Mr. LeDuc's underlying tax liabilities became valid and final long ago, discovery related to those liabilities is now irrelevant.

Beginning on or before June 1, 1993, Mr. LeDuc, as the owner of Duke's, was required to remit Maine sales taxes and to file monthly returns remitting payment as prescribed by law. Duke's filed an application for tax registration with Maine Revenue Services in or about October 1995. Duke's failed to file sales tax returns or remit sales taxes for the following periods: June 1, 1993, through March 31, 1996; and July 1, 1996, through June 30, 1998.

When Duke's failed to file the required returns for June 1, 1993, through March 31, 1996; and July 1, 1996, through June 30, 1998, the Assessor sent Mr. LeDuc a notice and demand for filing the returns for those periods ("Demand for Filing") by certified mail to his last known address on or about June 26, 2002. This Demand for Filing was delivered to Mr. LeDuc on or about July 8, 2002.

When Duke's still failed to file the required returns, in accordance with 36 M.R.S.A. § 141(2)(C),[3] the Assessor issued an assessment to Mr. LeDuc for sales taxes owed by Duke's ("Assessment for Sales Taxes"). The notice of the Assessment for Sales Taxes was delivered to Mr. LeDuc on or about August 3, 2002. Mr. LeDuc did not seek reconsideration of

---

[3] Although Duke's registered with the Maine Secretary of State as a corporation in 1997, Mr. LeDuc was assessed for the entire period pursuant to 36 M.R.S.A. § 141(2)(C), rather than as a "responsible individual" under 36 M.R.S.A. § 177 for 1997 and 1998, because Mr. LeDuc filed Schedules C with his federal individual tax returns for 1997 and 1998, rather than corporate income tax returns. In either case, Mr. LeDuc was responsible for the sales taxes of Duke's.

3

the Assessment for Sales Taxes. Thus, the assessment became final on or about September 3, 2002.

When Mr. LeDuc did not pay the amount due under the Assessment for Sales Taxes, the Assessor issued a notice and demand for payment of the tax, interest, and penalties within 10 days ("10-Day Demand for Sales Taxes") on or about February 8, 2004. The 10-Day Demand for Sales Taxes was delivered to Mr. LeDuc on or about February 17, 2004.

## Amount Owed

Mr. LeDuc has failed to pay the full amount of sales taxes, penalties, and interest for June 1, 1993, through June 30, 1998, that he owes the State, despite the demands of the Assessor. As of the date of the State's Complaint, the total that Mr. LeDuc owed the State of Maine for sales taxes, interest, and penalties for June 1, 1993, through June 30, 1998, was as follows: sales taxes of $64,332.34, interest of $92,101.86 (accrued through February 15, 2007), and $38,501.66 in penalties, for a total of $194,935.86.

As of the date of the State's Complaint, the total that Mr. LeDuc owed the State of Maine for sales taxes, interest, and penalties for June 1, 1993, through June 30, 1998, was $194,935.86, with interest continuing to accrue monthly. The total that Mr. LeDuc owes the State of Maine for sales taxes, interest and penalties for June 1, 1993, through June 30, 1998, has since been updated by the Assessor to include

4

additional interest, for a total amount of $201,287.70 as of June 15, 2007, with additional interest continuing to accrue monthly.

## Standard of Review

Pursuant to M.R. Civ. P. 56(c), the State is entitled to summary judgment if there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.

> Summary judgment is no longer an extreme remedy. It is simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding. Summary judgment is properly granted if the facts are not in dispute or, if the defendant has moved for summary judgment, the evidence favoring the plaintiff is insufficient to support a verdict for the plaintiff as a matter of law.

*Curtis v. Porter*, 2001 ME 158, ¶7, 784 A.2d 18, 21-22.

## Discussion

In this collection action, there is no genuine issue of material fact that Mr. LeDuc is liable for all of the assessed sales taxes, interest, and penalties. Mr. LeDuc was responsible for the payment of sales taxes for Duke's Ladder & Scaffold, Inc. for all of the tax periods at issue. Every seller, other than casual sellers, of tangible personal property or taxable services doing business in this State is required to register with the Assessor, and to collect, report, and remit sales taxes. 36 M.R.S.A. §§ 1754-B, 1951-A, 1952. All sales taxes that are collected constitute a special fund in trust for the Assessor ("Trust Fund Taxes"). 36 M.R.S.A. § 177(1). The liability for Trust Fund Taxes, and the interest and penalty on Trust Fund Taxes, is enforceable by assessment and collection

5

against the person and against any officer, director, member, agent or employee of that person who, in that capacity, is responsible for the control or management of the funds or finances of that person or is responsible for the payment of that person's taxes. 36 M.R.S.A. § 177(1). An assessment may be made at any time with respect to a time period for which a return has become due but has not been filed. 36 M.R.S.A. § 141(2)(C). If any person failing to file a return fails to produce within thirty (30) days after notice information that the Assessor believes necessary to determine tax liability for the period involved, the Assessor may assess an estimated tax liability based upon the best information otherwise available. Within 30 days after receipt of the notice of an assessment, the taxpayer may petition in writing for reconsideration of the assessment by the Assessor. 36 M.R.S.A. § 151.

In this case, the Assessor properly issued the Demand for Filing, notifying Mr. LeDuc that he had not filed the required Maine sales tax returns for June 1, 1993, through March 31, 1996; and July 1, 1996, through June 30, 1998, and issuing a formal demand for Mr. LeDuc to file those required returns. When Mr. LeDuc still failed to file the required Maine sales tax returns for those periods, the Assessor properly issued the Assessment for those periods. Mr. LeDuc did not seek

6

reconsideration of the Assessment for Sales Taxes, which therefore became final within thirty (30) days of the assessment.[4]

After the Assessments for Sales Taxes became final, the Assessor properly sent (and Mr. LeDuc received) a 10-Day Demand for payment. 36 M.R.S.A. §111(2). Mr. LeDuc received the 10-Day Demand on February 17, 2004. The State thereafter timely brought this collection action within the six (6) year statute of limitations on or about January 17, 2007. 36 M.R.S.A. § 174.

In a collection action such as this, the Certificate of the Assessor, showing the amount of delinquency is prima facie evidence of (1) the tax, (2) the delinquency, and (3) the Assessor's compliance with Title 36 in relation to the assessment. 36 M.R.S.A. § 174(1).[5] In any event, in support of this motion, the State has also submitted the Affidavit of Philip Young setting forth the same facts.

---

[4] The failure of a taxpayer to seek reconsideration of an assessment within 30 days of receipt of notice of the assessment renders that tax liability final. *See* 36 M.R.S.A. § 151 ("If a person receives notice of an assessment and does not file a request for reconsideration within the specified time period, the assessor may not reconsider the assessment pursuant to this section and no review is available in Superior Court regardless of whether the taxpayer subsequently makes payment and requests a refund."); *see also Davric Maine Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶11, 751 A.2d at 1030 ("statutory limitations on appeal periods are jurisdictional," and the "Administrative Procedures Act [5 M.R.S.A. § 11002(3)] requires the party appealing a final agency action to appeal within thirty days of notice."); *City of Lewiston v. Maine State Employees Association*, 638 A.2d 739, 741 (Me. 1994) ("[i]f a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal"). Accordingly, any opportunities and/or rights to review the underlying tax liabilities have long ago been exhausted. *See* 36 M.R.S.A. §§ 141(2)(C), 151, 171, 174. If he wanted to challenge his tax liabilities, Mr. LeDuc was obligated to contest the various Assessments within thirty days of receiving them—which timeframe expired long ago.

[5] Furthermore, in a technical sense, by failing to respond to the individually numbered paragraphs in the State's Complaint, Mr. LeDuc effectively admitted that he owed the State of Maine for June 1, 1993, through June 30, 1998.

There is no issue of material fact, and the State is entitled to judgment as a matter of law. Mr. LeDuc has failed to pay the full amount of sales taxes, interest, and penalties for June 1, 1993, through June 30, 1998, despite the demands of the Assessor. As set forth in the Certificate of the Assessor filed concurrently with the Complaint, as well as in the Young Affidavit (which updates statutory interest through June 15, 2007), Mr. LeDuc owes the State a total of $201,287.70, with interest continuing to accrue monthly from mid-June.

Accordingly, the entry is:

The State's Motion for Summary Judgment is hereby GRANTED and Judgment in the amount $201,287.70, with costs and additional interest running from June 15, 2007, is entered for the State on the Complaint for Collection of Unpaid Maine Sales Tax, Interest, and Penalties.

DATED: 4|23|08

Justice, Superior Court

8

STATE OF MAINE - PLAINTIFF

Attorney for: STATE OF MAINE
KELLY L TURNER  - RETAINED 01/22/2007
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2007-00018

**DOCKET RECORD**

vs
EUGENE O LEDUC  - DEFENDANT
5037 PERENNIAL DRIVE,
PASCO FL 34690

Filing Document: COMPLAINT          Minor Case Type: OTHER CIVIL
Filing Date: 01/22/2007

## Docket Events:

01/22/2007 FILING DOCUMENT - COMPLAINT FILED ON 01/22/2007

01/22/2007 Party(s):  STATE OF MAINE
        ATTORNEY - RETAINED ENTERED ON 01/22/2007
        Plaintiff's Attorney: KELLY L TURNER

01/22/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 01/22/2007
        Plaintiff's Attorney:  KELLY L TURNER
        MAILED TO ATTY. OF RECORD.

02/12/2007 Party(s):  EUGENE O LEDUC
        RESPONSIVE PLEADING - ANSWER FILED ON 02/12/2007
        HANDWRITTEN LETTER

02/13/2007 Party(s):  EUGENE O LEDUC
        SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 01/03/2007

02/21/2007 Party(s):  EUGENE O LEDUC
        RESPONSIVE PLEADING - ANSWER AMENDED ON 02/21/2007
        S/LEDUC, PRO SE

05/02/2007 Party(s):  STATE OF MAINE
        MOTION - MOTION TO WAIVE ADR FILED ON 05/02/2007
        Plaintiff's Attorney:  KELLY L TURNER

05/11/2007 Party(s):  STATE OF MAINE
        MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 05/11/2007
        Plaintiff's Attorney:  KELLY L TURNER
        WITH INCORPORATED MEMORANDUM OF LAW, STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF PHILIP O.
        YOUNG, REQUEST FOR HEARING, PROPOSED ORDER.

05/31/2007 Party(s):  EUGENE O LEDUC
        LETTER - FROM PARTY FILED ON 05/31/2007
        HANDWRITTEN LETTER.  S/LEDUC, PRO SE.  COPY TO PLTF'S ATTORNEY.

06/19/2007 Party(s):  EUGENE O LEDUC
        OTHER FILING - SUGGESTION OF BANKRUPTCY FILED ON 06/18/2007

WELLER LEGAL GROUP, INC.

04/09/2008 Party(s):  STATE OF MAINE
          OTHER FILING - DISCHARGE OF BANKRUPTCY FILED ON 04/04/2008
          Plaintiff's Attorney:  KELLY L TURNER
          LETTER INDICATING BANKRUPTCY DISCHARGED ON 9/11/07.

04/23/2008 Party(s):  STATE OF MAINE
          MOTION - MOTION TO WAIVE ADR GRANTED ON 04/23/2008
          M MICHAELA MURPHY , JUSTICE
          COPIES MAILED TO ATTY/PARTY

04/23/2008 Party(s):  STATE OF MAINE
          MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 04/23/2008
          M MICHAELA MURPHY , JUSTICE
          COPIES TO PARTIES/COUNSEL

04/23/2008 FINDING - JUDGMENT DETERMINATION ENTERED ON 04/23/2008
          M MICHAELA MURPHY , JUSTICE
          JUDGMENT IN THE AMOUNT $201,287.70 WITH COSTS AND ADDITIONAL INTEREST RUNNING FROM JUNE
          15, 2007, IS ENTERED FOR THE STATE ON THE COMPLAINT FOR COLLECTION OF UNPAID MIANE SALES
          TAX, INTEREST, AND PENALTIES.

          ORDER - SUMMARY JUDGMENT ENTERED ON 04/23/2008
          M MICHAELA MURPHY , JUSTICE
          JUDGMENT IN THE AMOUNT $201,287.70 WITH COSTS AND ADDITIONAL INTEREST RUNNING FROM JUNE
          15, 2007, IS ENTERED FOR THE STATE ON THE COMPLAINT FOR COLLECTION OF UNPAID MIANE SALES
          TAX, INTEREST, AND PENALTIES.
          Judgment entered for STATE OF MAINE and against EUGENE O LEDUC in the amount of $201287.70.

04/23/2008 FINDING - FINAL JUDGMENT CASE CLOSED ON 04/23/2008

04/23/2008 ORDER - SUMMARY JUDGMENT COPY TO REPOSITORIES ON 04/23/2008

A TRUE COPY
ATTEST:  _____
                    Clerk