In the matter of the estate of JANE ANN McCABE, deceased.

[Argued October 25th, 1938. Decided February 6th, 1939.]

*Mr. Joseph C. Paul,* for the appellants.

*Mr. Henry J. Camby,* for the respondent.

The opinion of the court was delivered by

RAFFERTY, J.

Lissa L. McCabe Cross and Ethel M. Atkinson, two of the executrices of the last will and testament of Jane Ann McCabe, deceased, filed their petition in the Essex county orphans court praying for the removal of their co-executrix, Laura J. French. These ladies are sisters to each other and daughters of Jane Ann McCabe, the testatrix. Laura J. French answered, praying for the removal of her sisters as executrices. After extensive hearings on the matter, the learned judge of the orphans court made an order removing all of the parties from their office as such executrices and revoking the letters testamentary theretofore issued to them and ordered, further, that letters of substitutionary administration upon the estate be granted to a third party.

Appeal being made to the prerogative court by Mrs. Cross and Mrs. Atkinson, a copy of the petition of appeal was served on Mrs. French's proctor, she having been joined as respondent. Mrs. French filed an answer to this petition in which she prayed that the decree of the orphans court, in the respects appealed from, be affirmed. Thereafter a motion was made by proctor for appellants to strike the answer of Mrs. French on the ground that the prerogative court was without jurisdiction to entertain this appearance, which motion was

dismissed by the vice-ordinary. The appeal having been heard, a decree of dismissal was entered and the order of the Essex county orphans court was affirmed. This decree provided also for the payment to Laura J. French of a counsel fee.

The appeal to this court is based mainly upon the points, (1) that there was insufficient testimony upon which to base a decree removing appellants from their office as executrices; (2) that there was no petition filed by Laura J. French in the original proceeding asking for the removal of appellants and that there was nothing before the court upon which to base any right to remove appellants; and further, that it was error to permit Laura J. French to file the answer to petition of appeal in the prerogative court, she, having been removed as co-executrix by the orphans court, was, therefore, without standing in the prerogative court, and, (3) that it was error in the prerogative court to allow counsel fee.

As to the merits of the case, a reading of the testimony clearly evinces that the removal of these executrices from their office as such and the revocation of the letters testamentary theretofore issued to them, was amply justified. It is unnecessary to detail the items in proof evidencing the lack of qualifications in these parties to continue in their trust. We quite agree with the learned judge of the orphans court, who, having heard the testimony and observed the witnesses and made extensive inquiry into the whole matter, remarked in his memorandum:

"The long and short of it is that, whether because the strain of this bitter protracted litigation has affected their judgment, or for some other reason, in any event it seems impossible for petitioners to pass fair judgment upon any matter connected with the conduct of the estate of their mother, and whether same affects their sister or third parties. All must suffer if their views do not accord with petitioners' desires. Obviously, such attitude and action is not only not consonant with the proper performance of their duties as such executrices, but when carried to the length here seen makes their conduct flagrant. Such being the situation, they, too, will be removed as executrices."

As to the contention that there was no petition filed by Laura J. French in the original proceedings asking for the removal of appellants, we observe that in the amended answer to the petition filed in the orphans court, Mrs. French, as respondent, alleges in the twentieth paragraph thereof, "* * * and that in order to preserve the same and to protect the estate, the petitioners should be removed as executrices or, in lieu, &c.," and further, in the same paragraph, "this respondent is advised, and believes, that the foregoing state of facts, when proved, will justify this honorable court in removing the petitioners as executrices, &c." It is true that this pleading does not directly pray for the removal of petitioners but, rather, that respondent "presents the foregoing answer in what she conceives to be her duty to this court for such action which the court, with the foregoing facts before it, may deem proper and for the benefit of the estate; &c.," but the matter appears to have been considered by the parties as a petition and cross-petition and the court entered its decree pursuant to that understanding. The parties having placed this construction on the pleadings, a different construction cannot be urged upon appeal but the amended answer will be treated as though a cross-petition. "Such relief was sought by the answer, which was treated by the parties and proceeded on by the court as equivalent to a cross-pleading. The objection came too late in the appellate tribunal." *Perego* v. *Dodge, 163 U. S. 160, 164; 41 L. Ed. 113, 116.* "Effect must therefore be given to the well settled rule that where the parties, with the assent of the court, unite in trying a case on the theory that a particular matter is within the issues, that theory cannot be rejected" on appeal. *San Juan Light and T. Co.* v. *Requena, 224 U. S. 89, 97; 56 L. Ed. 680, 683.*

Notwithstanding, by virtue of *2 C. S. S. 2625 ¶ 149,* the orphans court was invested with the power to remove these parties from their office on its own motion. The statute provides: "When any order or decree shall be made by the orphans court that any executor * * * shall do or perform any act or thing which the court by this act is

authorized to order or direct, and such executor * * * having legal notice of such decree or order, shall refuse or neglect to perform or obey the same within such time as the court shall name * * * the said orphans court may revoke the letters of such executor * * * and remove such executor * * * from office." This statute is now incorporated in *R. S. 3:12-4.*

Judge Hartshorne, in the memorandum above mentioned, said also:

"Their [petitioners'] final reason for refusing to perform their duties and account, is based on their continued refusal to recognize the order of this court entered years ago, after a hearing before a master in which they both personally and by counsel actively participated, upholding the validity of certain investments by such administrator [*pendente lite* of the estate] in certain mortgage certificates, the which investments they personally supported at such hearing. That this issue is *res judicata* is not only evident, but petitioners were so advised both by their present counsel and by several other eminent attorneys whom they engaged in turn during the course of this protracted estate litigation. Nevertheless, petitioners still insist upon their right to again raise this question, so long adjudicated, as a final cause for refusing to do their duty by the creditors, legatees and others interested in the estate."

This statement faithfully reflects the proofs and therein we find sufficient reason to sustain the decree.

It is the general rule that all parties to the record who may be affected by the reversal of a decree should be made parties to the appeal, but the question of necessary parties on any appeal is one for the final judgment of the appellate court. *Powell* v. *Yearance, 73 N. J. Eq. 117, 124,* citing *Davis* v. *Mercantile Trust Co., 152 U. S. 590, 593; 38 L. Ed. 563, 564.* Nor is *In re Hynes Will, 69 N. J. Eq. 485; affirmed, 71 N. J. Eq. 306,* cited by appellants, to the contrary. The vice-ordinary, in that case, said: "The action of the orphans court in issuing citations cannot invest one cited with any right he did not previously possess; not hav-

ing taken an appeal his right was lost, and the citation could .not restore the privilege. * * * It is quite proper, however, that some notice of the appeal should be given to such as might be injured by a reversal of the surrogate's action, but when thus in court, not having appealed, they can only be heard in support of the decree below."

In the instant case, respondent not appealing, petition of appeal was served upon her and answer thereto made in accordance with the rules of the prerogative court. The answer of respondent supported the decree below. The denial of the motion to strike the answer was proper.

The power of the prerogative court to award counsel fee in an appellate proceeding before it has heretofore been decided in another branch of the litigation in which this estate has been involved, see *124 N. J. Eq. 254.* The action of that court in the instant matter in this respect was improper and its decree to that extent is reversed. As to the other questions involved, however, the decree appealed from is affirmed.

*For modification*—TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 13.