855 A.2d 1 (2004)
372 N.J.Super. 1
STATE of New Jersey, Plaintiff-Respondent,
v.
Michael A. THOMAS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 6, 2004.
Decided February 24, 2004.
Lutz, Levow & Costello, Cherry Hill, for appellant (Evan M. Levow, of counsel and on the brief).
Vincent P. Sarubbi, Camden County Prosecutor, for respondent (Jeanne T. Covert, Assistant Prosecutor, of counsel and on the brief).
Before Judges PARKER and COLEMAN.
PER CURIAM.
Defendant was arrested for driving while intoxicated (DWI) in violation of N.J.S.A. 39:4-50, on November 22, 2001, after being stopped at a DWI roadblock in Pennsauken. Defendant and five others who were stopped at the same roadblock moved in municipal court to consolidate their cases and to suppress the evidence on the ground that the roadblock was unconstitutional. The municipal judge granted the consolidation motion and denied the suppression motion for all of the defendants. They then entered conditional pleas and appealed to the Law Division. On a de novo review, the Law Division judge rendered a written opinion on September 13, 2002, finding the roadblock constitutional and sustaining the municipal court ruling.
Defendant appeals and argues:
POINT ONE
THE STATE DID NOT SET FORTH ANY EMPIRICAL DATA UTILIZED FOR SITE SELECTION OF THIS ROAD BLOCK, AND, AS SUCH, CANNOT DEMONSTRATE THE CONSTITUTIONALITY OF THE ROADBLOCK IN PENNSAUKEN
POINT TWO
ALLOWING 100 CARS, OR NINE PERCENT OF THE OVERALL TRAFFIC, THROUGH THE CHECKPOINT, DUE TO TRAFFIC BACKUP, DEMONSTRATES THAT THE CHECKPOINT WAS NON-RANDOM AND THAT THE SITE SELECTION WAS FLAWED
POINT THREE
WHERE THE "SUPERVISING OFFICER" IS ALSO PARTICIPATING IN FIELD SOBRIETY TESTING AND OPERATION OF THE BREATHALYZER, HE IS NOT ACTING AS A DETACHED, OBJECTIVE SUPERVISOR, PROPERLY ADMINISTRATING THE ROADBLOCK
POINT FOUR
THE MUNICIPAL COURT'S FAILURE TO CONSIDER THE EFFECT OF FIVE NEIGHBORING TOWN'S ROADBLOCKS ON THAT SAME NIGHT IS REVERSIBLE ERROR REQUIRING REMAND FOR CONSIDERATION OF THAT ISSUE
Defendant concedes that "a DWI roadblock is constitutional if properly conducted." He maintains, however, that the roadblock location on Route 70 was not appropriate because there was "no data such as the number of accidents, DWI *2 arrests, arrests per hour, DWI involved accidents, injuries, or injuries from DWI accidents." He argues that State v. Mazurek, 237 N.J.Super. 231, 236, 567 A.2d 277, 280 (App.Div.1989), certif. denied by 121 N.J. 623, 583 A.2d 320 (1990), requires the roadblock to be:
[C]arefully targeted to a designated area at a specified time and place based upon data justifying the site selection for reasons of public safety and reasonably efficacious or productive law enforcement goals.... Other factors which enhanced judicial approval were (1) adequate warnings to avoid frightening the traveling public, (2) advance general publicity designed to deter drunken drivers from getting in cars in the first place, and (3) officially specified neutral and courteous procedures for intercepting officers to follow when stopping drivers.
[Ibid. (citing State v. Kirk, 202 N.J.Super. 28, 40-41, 493 A.2d 1271, 1277 (App. Div. 1985)).]
Defendant contends that the police failed to establish the roadblock in accordance with the specified criteria in that the stops were not random, the site selection was flawed and the supervising officer participated in testing the detainees.
The State presented extensive evidence as to the procedure for selecting the site and conducting the roadblock. The Law Division judge outlined that evidence in his written decision and addressed each of the points raised by the defendants. He concluded that "this roadblock passes constitutional muster." The Law Division judge's decision was consistent with the principles articulated in Mazurek, supra, 237 N.J.Super. at 236, 567 A.2d at 280; Kirk, supra, 202 N.J.Super. at 40-41, 493 A.2d at 1277.
We have carefully considered the record in light of the applicable law, and we find insufficient merit in defendant's arguments to warrant discussion in a written opinion. We affirm substantially for the reasons set forth by Judge Cook in his well reasoned written opinion dated September 17, 2002.
Affirmed.