STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION

FILED & ENTERED
SUPERIOR COURT
DEC 27 2005
PENOBSCOT COUNTY

Laurie Mullen Seymour,
    Appellant


        v.                              (Docket No. AP-04-17)


Inhabitants of the Town of Levant,
    Appellee


*****************************            **ORDER ON APPEAL**


Inhabitants of the Town of Levant,
    Appellant


        v.                              (Docket No. AP-04-18)


Laurie Mullen Seymour,
    Appellee


In these consolidated appeals brought pursuant to 30-A M.R.S.A. § 2691(3)(G), TOWN OF LEVANT, MAINE BOARD OF APPEALS ORDINANCE § 7 (Board of Appeals Ordinance) and M.R.Civ.P. 80B, Laurie Mullen Seymour and the Inhabitants of the Town of Levant each challenge aspects of a decision issued by the Town of Levant Planning Board, in which it concluded that Seymour was entitled to extract gravel from a pit located on land she owns in that municipality without a permit that the Board would issue. After the parties submitted their written arguments on appeal, Seymour filed a motion to dismiss the appeal filed by the Town (AP-04-18), contending that the Town's contentions were rendered moot when the Planning Board granted her application for a permit to conduct the excavation activities that the Board ruled previously did not require

1

such a permit. The court has considered the parties' written arguments on the merits of their respective appeals and on Seymour's motion to dismiss.

A portion of the factual and procedural background of this case is set out in several court opinions, including this court's order on appeal dated June 9, 2003, issued in *Inhabitants of the Town of Levant v. Seymour* (AP-02-26, Penobscot County) and the Law Court's decision in a related land use enforcement proceeding based on M.R.Civ.P. 80K, *Town of Levant v. Seymour*, 2004 ME 115, 855 A.2d 1159. Developments post-dating those opinions have relevance here as well.

Seymour is the record owner of land in Levant. The property is bisected by the Tay Road, which runs in an east-west orientation. Although the portion of her parcel north of the Tay Road has been subdivided, the entirety of the subject premises had been included within a single deed description. In 1991, Seymour applied to the Town's code enforcement officer for a permit to remove loam from one of the parcels that is located to the north of the Tay Road. The CEO granted her such a permit, and Seymour then proceeded with the process of removing loam from the parcel.

On June 26, 2002, the CEO issued a stop work order to Seymour because, he alleged, Seymour had exceeded three of the restrictions created by the ordinance: first, she had removed more than 1,000 cubic yards of material without first obtaining Planning Board approval (because the permit she obtained in 1991 had been issued by the CEO rather than by the Board, by the terms of the ordinance, she could remove no more than 1,000 cubic yards of material in a calendar year); second, she had removed material below the seasonal high water table[1]; and finally, she had removed material within 150 feet of a property line. Seymour filed an appeal from this order on July 9. Three days later, the CEO issued a second stop work order, this one based on his finding that Seymour violated the municipal ordinance because she removed material below the level of and within 150 feet of the Tay Road. At a meeting held in August 2002, the Board considered Seymour's appeal, which was deemed to cover both stop work orders. By a vote of 3-1, with a fifth member abstaining, the Board concluded that the CEO has issued

_____

[1] At the hearing held before the Board, the CEO advised the Board that there was insufficient evidence to support that claim. He and the Town pressed the other grounds the led to the issuance of the stop work orders.

2

both stop work orders "without the CEO finding his facts before issuing them." On that basis, the Board vacated the orders. The Town filed an appeal from the Board's decision. This court concluded that the nature of the Board's proceeding was ambiguous because it exhibited characteristics of both an appellate process and a de novo, fact-finding process. Holding that the proper function of the Board was to conduct a de novo hearing on the issues presented to them, the court remanded the case to the Board.

On remand, the Board held a hearing that spanned several dates, the last of which was on May 19, 2004. On September 23, 2004, the Board issued a written decision. For purposes of proceeding at bar, the Board's central finding was that Seymour was not required to obtain a permit from the Board for the extraction operation on the north side of the Tay Road, because such an operation was within the scope of the nonconforming use that predated the enactment of the Town's land use ordinance that otherwise would apply and control. The Board based this conclusion on the fact that Seymour's land, both on the north and south sides of the road, constituted a single parcel. The Board also concluded that as a general matter, the extraction operations on the north side of the road would be subject to the setback limitations established in the Town's ordinances. In response to the bases for the CEO's stop work orders, the Board found that Seymour had extracted gravel within the 150 foot setback associated with the road and, in that sense, increased the nonconformity generated by the existence of the gravel pit on her land to the south of the Tay Road. The Board further found, however, that Seymour had remediated that condition and thus took no action in response to it. Finally, the Board concluded that the stop work order was insufficient to allege that she had breached the 150-foot setback for abutting parcels.

Prior to the time the Planning Board issued its decision in 2002, the Town commenced an enforcement action against Seymour in the District Court, pursuant to M.R.Civ.P. 80K. After two days of trial, the court found that the excavation site on the north side of the Tay Road was not part of an ongoing non-conforming use tied to the gravel pit on the south side of the road but rather constituted a new excavation site that required Planning Board approval. The court also found that the pit on the north side of the road was within the 150-foot setbacks for the road and the adjoining properties. On this basis, the court ordered Seymour to remediate the offending uses of the property and

3

imposed monetary penalties. Seymour appealed this judgment to the Law Court, which, by in an opinion dated August 31, 2004 (roughly three weeks prior to the date the Board issued its written decision on remand), affirmed it. *Town of Levant v, Seymour*, 2004 ME 115, 855 A.2d 1159.

While the instant appeals were pending and subsequent to the submission of briefs on appeal, Seymour moved to dismiss the Town's appeal (AP-04-18) because she notes that she applied to the Board for a land use permit to conduct excavation activity on the portion of her property located to the north of the Tay Road, and the Board issued such a permit. The issuance of this permit, she argues, renders the Town's challenges to her activity, previously not permitted by the Board, to be moot. The court first addresses this motion.

"Courts should decline to decide issues which by virtue of value and recognizable supervening circumstances have lost their controversial vitality." *State v. Dhuy*, 2003 ME 75, ¶ 6, 825 A.2d 336, 340 (citation and internal punctuation omitted). The record at bar does not establish that the Town's claims are moot because the Board issued a permit to Seymour. The court places significance on Seymour's choice to seek dismissal only of the Town's appeal from the Board's 2004 decision. Although one could argue, as Seymour has here, that the future consequences of activity that was not the subject of a Board permit would lose some significance once that activity becomes permitted, the same argument applies with equal force to the challenges that Seymour raises to the Board's decision in her own appeal. Even though, in opposing the motion to dismiss, the Town notes the lack of symmetry in Seymour's motion, she has not responded by seeking to subject her appellate rights to the same disposition she seeks for the Town's. If the issuance of a permit marginalizes the Planning Board's earlier decision that she does not need a permit, then the same would be true with respect to Seymour's own arguments on appeal if in fact each of the findings that she challenges here relate to the circumstances of the extraction that now would be allowed under the permit issued to her. That Seymour has not acted to dismiss her own case – and that she has not suggested that she would do so if the Town's appeal were dismissed – is a telling insight into the limits of what the Board may have allowed through its permit.

4

The problem is compounded because the record of the Board's permit process submitted by Seymour here is not complete. The record supporting her motion consists of Seymour's permit application, some Board meeting minutes that are skeletal in part, and the permit ultimately issued by the Board. That record material, however, makes reference to documents and other submissions, such as maps, deeds and a sketch plan, that have not been submitted here. Thus, it is impossible to determine whether all issues raised by the parties on appeal have been subsumed by the permit.

For these reasons, the court denies Seymour's motion to dismiss and consequently addresses the merits of the parties' appeals. In doing so, this court reviews the Board's decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Peregrine Developers, LLC v. Town of Orono*, 2004 ME 95, ¶ 8, 854 A.2d 216, 219. For the reasons set out below, the court concludes that as a matter of law the Law Court's decision issued in August 2004 embodies the conclusive determination of the issues that were also presented to the Board for consideration and decision; that the Board's decision was contrary to the Law Court's disposition of the issues now at bar; and that Seymour is barred from relitigating those issues in the present context.

The current Levant Land Use Ordinance was adopted on June 22, 1996. Section 1220(B)(2) states that all excavations "greater than 1000 cubic yards in a calendar year shall require Planning Board approval before the activity is commenced." Section 1220(A) states that, "existing gravel pits may continue to operate as long as the extraction does not make the pit more non conforming." An existing non-conforming use is defined as one that "lawfully existed immediately prior to the enactment of this Ordinance . . . ." TOWN OF LEVANT, MAINE LAND USE ORDINANCE (Land Use Ordinance) § 910. The ordinance also establishes that "[t]he following requirements shall apply to mineral exploration activities . . . . (6) Extraction operations shall not be permitted within one hundred fifty feet (150') of any property line . . . . (10) Excavation may not occur below road level within one hundred fifty feet (150') of a road right-of-way." Land Use Ordinance §§ 1220(D)(6), (10). Because the gravel pit existed on the south side of the Tay Road prior to the effective date of the ordinance but excavation on the northern side of the road did not begin until 2002, both the Board and District Court were called to first

5

decide whether the northern pit "existed" before the ordinance was adopted in 1996. If it did "exist" then, it did not require Planning Board approval to continue to operate as long as it did not become more "nonconforming." In either case, the Board then had to decide whether and how to apply the setback requirements of section 1220(D).

Invoking the doctrine of res judicata, the Town argues that the Board's decision should be vacated and that Seymour should be barred from litigating issues that were adjudicated adversely to her in the District Court judgment that had been affirmed by the Law Court on August 31, 2004, and thereby became final prior the time the Board issued its decision.

> The doctrine of res judicata is a court-made collection of rules that ensures that the same matter will not be litigated more than once. The doctrine has developed two separate components, issue preclusion and claim preclusion. Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.

*Macomber v. MacQuinn-Tweedie*, 2003 ME 122, ¶ 22, 834 A.2d 131, 138-39 (citing *Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595, 595). "The effective date of a final judgment is the date of its rendition without regard to the date of the commencement of the action in which it is rendered or the action in which it is to be given effect." RESTATEMENT (SECOND) OF JUDGMENTS § 14 (1982). As applied here, these principles combine to give conclusive and determinative weight to the Law Court's adjudication of issues that were or could have been submitted to the Board for its subsequent determination.

A party is collaterally estopped from relitigating an issue arises "only if the identical issue necessarily was determined by a prior final judgment." *Button v. Peoples Heritage Savings Bank*, 666 A.2d 120, 122-23 (internal quotations omitted). A review of the District Court judgment and the Law Court's affirmance of it reveal that the District Court adjudicated the same issues relating to factual matters and questions of the ordinance's construction as those presented to the Board. More particularly, just as the Board was required to do in the administrative proceeding now on appeal, in the rule 80K

6

enforcement action the District Court was required to determine whether Seymour's northern pit was being used in violation of sections 1220(A) and 1220(D) and how those sections should be properly interpreted and applied. The District Court proceeding thereby generated factual issues (i.e., when excavation began in the two pits; the dimensions of the northern pit; its proximity to Tay Road, property lines and the southern pit; the layout of the area; and the amount of material excavated from the northern pit) as well as legal issues (i.e., whether the northern pit was "grandfathered" under section 1220(A); and whether the setback requirements of section 1220(D) apply to the northern pit). Thus, the enforcement action resulted in a dispositive adjudication of the very issues that Seymour attempts to argue here.

Further, in the rule 80K issues, Seymour had a fair opportunity and incentive to litigate these issues that are common to the administrative proceeding, thus satisfying this separate element that is a predicate to the application of collateral estoppel.

Seymour argues that she should not be collaterally estopped from relitigating the issues that the Law Court settled because, she urges, that action constituted an enforcement proceeding, while the administrative proceeding had a different purpose. However, the difference in remedies that may be available in separate proceedings does not foreclose the effects of collateral estoppel. *Cline v. Me. Coast Nordic*, 1999 ME 72, ¶¶ 10-13, 728 A.2d 686, 688-89. *Cf. Town of North Berwick v. Jones*, 534 A.2d 667, 670-71 (Me. 1987) (a municipality is collaterally estopped by previous planning board determinations from relitigating claims in an enforcement action).

Seymour also argues that the Town has waived any res judicata argument because it failed to raise the bar at the administrative level. This contention fails for two reasons. First, the Law Court issued its decision after the Board had completed its hearing process but prior to date it issued its written decision. Because of this sequence, the Town had no opportunity to argue that the Law Court's decision has the preclusive effect discussed here. Second, the notion of res judicata is one of law, and the absence of administrative consideration of its effect does not hinder the court from considering its legal implications here.

The second aspect of res judicata, namely, claim preclusion, bars litigation of issues that might have been adjudicated in the prior action. The question of claim

preclusion arises because Seymour makes two arguments here that, to the extent revealed by the record, she did not raise in the enforcement action: whether the relevant requirements of the ordinance are preempted by certain regulations promulgated by the Maine Department of Environmental Protect, and whether section 1220(D)(10) is rendered inapplicable because the excavation north of the Tay Road is actually not a "mineral exploration" activity and thus does not fall subject to the road setback restriction set out in section 1220. The court concludes that the three elements of claim preclusion as set out in *Macomber* and other similar cases are satisfied here and that Seymour is barred from raising those new issues here and now.

Because the parties in the two proceedings are identical and because the prior proceeding spawned a final judgment, the first two elements have been met. The remaining question is whether the two issues that Seymour advances here are ones that could have been raised in that prior proceeding, even though she did not do so. The Law Court has adopted a "transactional test" where the causes of action are deemed to be identical and thus trigger claim preclusion. Under that test, inquiry is made to determine if they arose out of the "same nucleus of operative facts." *Town of Ogunquit v. Cliff House & Motels, Inc.*, 2000 ME 169, ¶ 12, 759 A.2d 731, 735. Here, the administrative and enforcement actions arose out of the identical factual setting where the same factual and legal issues were at stake. Seymour's DEP preemption and ordinance interpretation arguments bear directly on the questions of whether the ordinance's setback requirements should be applied to the northern pit and, if so, the effects of that application. Consequently, Seymour's failure to raise these contentions in the enforcement action, where she could have done so, precludes her opportunity to assert them here.

Finally, the Town challenges the Board's conclusion that the stop work orders issued by the CEO in 2002 were insufficient to put Seymour on notice of a claim that she had excavated gravel within the 150 foot setbacks associated with the boundaries of her abutters. Instead, the Board concluded that the order was sufficient only to allege a violation of the setback associated with the Tay Road. The stop work order dated June 26, 2002, expressly alleged that Seymour was in violation of the municipal ordinance "by extracting material. . .within one hundred fifty feet (150') of a property line (Section D.6)." Section 1220(D)(6) creates a setback that is based on "any property line" of

8

property owned by someone else. The setback created by the presence of a road is established in a provision other than the one cited by the CEO, namely, section 1220(D)(10). Thus, because of the specific reference to section 1220(D)(6) in the stop work order, the court concludes that the Board's decision was contrary to the clear evidence in the administrative record.

Ordinarily, this court would remand the matter to the Board for an adjudication of the Town's factual contention that Seymour violated the property line setback created in section 1220(D)(6). However, because that violation has been conclusively established in the enforcement action, no such administrative proceedings are necessary or proper.

The result of this appellate process is the conclusion that the Board erred in making factual findings that are contrary to those established in the enforcement action and in concluding that Seymour was not required to secure Planning Board approval in order to conduct excavation operations on that portion of her land north of the Tay Road. This case must be remanded to the Board for entry of orders to that effect. However, for the reasons stated above, the interplay between this final disposition of the administrative process and the existence of the permit issued recently to Seymour cannot be fully gauged. Thus, the best the court can do is to enter a remand order, while allowing that the Board's post-remand order shall not affect the validity or effect of the permit.

The entry shall be:

For the foregoing reasons, Seymour's motion to dismiss is denied.

The decision of the Planning Board is vacated. This matter is remanded to the Board for entry of an order that is consistent with the terms of the judgment entered against Seymour in the related enforcement action. This includes, among other things, entry of an order establishing that Seymour's excavation activities on her land north of the Tay Road shall require the issuance of a valid municipal permit and shall be subject to the terms and conditions of any such permit.

This order shall not be deemed to affect or otherwise alter or modify the permit issued to Seymour on or about May 20, 2005.

Dated: December 23, 2005

_____
Justice, Maine Superior Court

9

Date Filed __7/21/04__    PENOBSCOT    Docket No. __AP-2004-18__
                          County                    AP-2004-17

Action __RULE 80B APPEAL__

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**


INHABITANTS OF THE TOWN OF LEVANT        vs. LAURIE MULLEN SEYMOUR

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| THOMAS A. RUSSELL, ESQ.<br>P O BOX 738<br>BANGOR, ME.  04402-0738 | ROBERT E. MILLER ESQ<br>P O BOX 414<br>OLD TOWN ME  04468-0414 |

| Date of Entry | |
|---|---|
| 7/21/04 | Complaint Pursuant to Rule 80B of the Maine Rules of Civil Procedure filed Appellant. |
| 7/23/04 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to Appellant's attorney. |
| 8/11/04 | Entry of Appearance filed by Robert E. Miller, Esq. on behalf of Defendant Laurie Mullen Seymour. |
| 8/12/04 | Copy of Notice and Briefing Schedule 80B Appeal of Governmental Actions forwarded to attorney for Defendant. |
| 8/12/04 | Acceptance of Service as to Defendant by Robert E. Miller, Esq. filed. (s.d. 8/9/04) |
| 8/26/04 | Joint Motion for Consolidation of Rule 80B Appeals filed by Defendant (with AP-2004-17) with proposed order. |
| 8/26/04 | Joint Motion for Enlargement of TIme to file Briefs and submit record filed by Defendant with proposed order. |
| 9/3/04 | Order on Joint Motion for Enlargement of Time filed.  Ordered that the parties' joint motion for enlargement of Time is granted.  Be it further Ordered that the record be filed on or before October 29, 2004. Be it further Ordered that both parties shall file their initial briefs on or before December 3, 2004; and that both parties may file reply briefs within 14 days after receipt of the other party's brief.  Copy forwarded to attorneys of record. |
| 10/27/04 | Joint Motion for Enlargement of Time filed by Parties with proposed order. |

Over

Date Filed __7/20/04__  _____PENOBSCOT_____  Docket No. ___AP-2004-17___
                                County                      AP-2004-18

Action ____80B APPEAL____

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

|                           |      | INHABITANTS OF THE TOWN OF LEVANT, |
| LAURIE M. SEYMOUR         | VS.  | BOARD OF APPEALS |

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| ROBERT E. MILLER, ESQ.<br>P O BOX 414<br>OLD TOWN, ME. 04468-0414 | THOMAS A. RUSSELL, ESQ.<br>P O BOX 738<br>BANGOR, ME. 04402-0738 |

| Date of Entry | |
| --- | --- |
| 7/20/04 | Rule 80B Complaint filed by Appellant. |
| 7/22/04 | Entry of Appearance filed by Thomas A. Russell, Esq. on behalf of Appellee Town of Levant. |
| 7/23/04 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to all attorneys of record. |
| 8/11/04 | Acceptance of Service of Plaintiff's Complaint by Thomas Russell, Esq. filed. (s.d. 7/21/04) |
| 8/26/04 | Joint Motion for Consolidation of Rule 80B Appeals with proposed order filed by Defendant (with AP-2004-18) with proposed order. |
| 8/26/04 | Joint Motion for Enlargement of Time to file Briefs and submit record filed by Defendant with proposed order. |
| 9/3/04 | Order on Joint Motion for Enlargement of Time filed. Ordered that the parties' Joint Motion for Enlargement of Time is Granted. Be it further Ordered that the record be filed on or before October 29, 2004.<br>   Be it further Ordered that both parties shall file their initial briefs on or before December 3, 2004; and that both parties may file reply briefs within 14 days after receipt of the other party's brief. Copy forwarded to attorneys of record. |
| 10/27/04 | Joint Motion for Enlargment of Time filed by Parties with proposed order. |
| 11/9/04 | Order on Joint Motion for Enlargement of Time filed. Ordered that the parties' Joint Motion for Enlargement of Time is Granted. Be it further Ordered that the record be filed on or before December 31, 2004. Be it further ordered that both parties shall file their initial briefs on or before February 4, 2005; and that both parties may file reply briefs within 14 days after the receipt of the other party's brief. Copy forwarded to attorneys of record. |

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION

JLH-?EV- B23/05

FILED & ENTERED
SUPERIOR COURT

JAN 09 2006

PENOBSCOT COUNTY

Laurie Mullen Seymour,
    Appellant

v.

(Docket No. AP-04-17)

Inhabitants of the Town of Levant,
    Appellee

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER ON APPEAL**

Inhabitants of the Town of Levant,
    Appellant    JAN 23

v.

(Docket No. AP-04-18)

Laurie Mullen Seymour,
    Appellee

In these consolidated appeals brought pursuant to 30-A M.R.S.A. § 2691(3)(G), TOWN OF LEVANT, MAINE BOARD OF APPEALS ORDINANCE § 7 (Board of Appeals Ordinance) and M.R.Civ.P. 80B, Laurie Mullen Seymour and the Inhabitants of the Town of Levant each challenge aspects of a decision issued by the Town of Levant ~~Planning~~ Board of Appeals (Board), in which it concluded that Seymour was entitled to extract gravel from a pit located on land she owns in that municipality without a permit that the Planning Board would issue. After the parties submitted their written arguments on appeal, Seymour filed a motion to dismiss the appeal filed by the Town (AP-04-18), contending that the Town's contentions were rendered moot when the Planning Board granted her application for a permit to conduct the excavation activities that the Board

1

ruled previously did not require such a permit. The court has considered the parties' written arguments on the merits of their respective appeals and on Seymour's motion to dismiss.

A portion of the factual and procedural background of this case is set out in several court opinions, including this court's order on appeal dated June 9, 2003, issued in *Inhabitants of the Town of Levant v. Seymour* (AP-02-26, Penobscot County) and the Law Court's decision in a related land use enforcement proceeding based on M.R.Civ.P. 80K, *Town of Levant v. Seymour*, 2004 ME 115, 855 A.2d 1159. Developments post-dating those opinions have relevance here as well.

Seymour is the record owner of land in Levant. The property is bisected by the Tay Road, which runs in an east-west orientation. Although the portion of her parcel north of the Tay Road has been subdivided, the entirety of the subject premises had been included within a single deed description. In ~~1991~~ 2001, Seymour applied to the Town's code enforcement officer for a permit to remove loam from one of the parcels that is located to the north of the Tay Road. The CEO granted her such a permit, and Seymour then proceeded with the process of removing loam from the parcel.

On June 26, 2002, the CEO issued a stop work order to Seymour because, he alleged, Seymour had exceeded three of the restrictions created by the ordinance: first, she had removed more than 1,000 cubic yards of material without first obtaining Planning Board approval (because the permit she obtained in ~~1991~~ 2001 had been issued by the CEO rather than by the Planning Board, by the terms of the ordinance, she could remove no more than 1,000 cubic yards of material in a calendar year); second, she had removed material below the seasonal high water table[1]; and finally, she had removed material within 150 feet of a property line. Seymour filed an appeal from this order on July 9. Three days later, the CEO issued a second stop work order, this one based on his finding that Seymour violated the municipal ordinance because she removed material below the level of and within 150 feet of the Tay Road. At a meeting held in August 2002, the Board considered Seymour's appeal, which was deemed to cover both stop work orders.

---

[1] At the hearing held before the Board, the CEO advised the Board that there was insufficient evidence to support that claim. He and the Town pressed the other grounds the led to the issuance of the stop work orders.

2

By a vote of 3-1, with a fifth member abstaining, the Board concluded that the CEO has issued both stop work orders "without the CEO finding his facts before issuing them." On that basis, the Board vacated the orders. The Town filed an appeal from the Board's decision. This court concluded that the nature of the Board's proceeding was ambiguous because it exhibited characteristics of both an appellate process and a de novo, fact-finding process. Holding that the proper function of the Board was to conduct a de novo hearing on the issues presented to them, the court remanded the case to the Board.

On remand, the Board held a hearing that spanned several dates, the last of which was on May 19, 2004. On September 23, 2004, the Board issued a written decision. For purposes of proceeding at bar, the Board's central finding was that Seymour was not required to obtain a permit from the Board for the extraction operation on the north side of the Tay Road, because such an operation was within the scope of the nonconforming use that predated the enactment of the Town's land use ordinance that otherwise would apply and control. The Board based this conclusion on the fact that Seymour's land, both on the north and south sides of the road, constituted a single parcel. The Board also concluded that as a general matter, the extraction operations on the north side of the road would be subject to the setback limitations established in the Town's ordinances. In response to the bases for the CEO's stop work orders, the Board found that Seymour had extracted gravel within the 150 foot setback associated with the road and, in that sense, increased the nonconformity generated by the existence of the gravel pit on her land to the south of the Tay Road. The Board further found, however, that Seymour had remediated that condition and thus took no action in response to it. Finally, the Board concluded that the stop work order was insufficient to allege that she had breached the 150-foot setback for abutting parcels.

Prior to the time the Planning Board of Appeals issued its decision in 2002, the Town commenced an enforcement action against Seymour in the District Court, pursuant to M.R.Civ.P. 80K. After two days of trial, the court found that the excavation site on the north side of the Tay Road was not part of an ongoing non-conforming use tied to the gravel pit on the south side of the road but rather constituted a new excavation site that required Planning Board approval. The court also found that the pit on the north side of the road was within the 150-foot setbacks for the road and the adjoining properties. On

this basis, the court ordered Seymour to remediate the offending uses of the property and imposed monetary penalties. Seymour appealed this judgment to the Law Court, which, by in an opinion dated August 31, 2004 (roughly three weeks prior to the date the Board issued its written decision on remand), affirmed it. *Town of Levant v, Seymour*, 2004 ME 115, 855 A.2d 1159.

While the instant appeals were pending and subsequent to the submission of briefs on appeal, Seymour moved to dismiss the Town's appeal (AP-04-18) because she notes that she applied to the <u>Planning</u> Board for a land use permit to conduct excavation activity on the portion of her property located to the north of the Tay Road, and the <u>Planning</u> Board issued such a permit. The issuance of this permit, she argues, renders the Town's challenges to her activity, previously not permitted by the <u>Planning</u> Board, to be moot. The court first addresses this motion.

"Courts should decline to decide issues which by virtue of value and recognizable supervening circumstances have lost their controversial vitality." *State v. Dhuy*, 2003 ME 75, ¶ 6, 825 A.2d 336, 340 (citation and internal punctuation omitted). The record at bar does not establish that the Town's claims are moot because the <u>Planning</u> Board issued a permit to Seymour. The court places significance on Seymour's choice to seek dismissal only of the Town's appeal from the Board <u>of Appeal</u>'s 2004 decision. Although one could argue, as Seymour has here, that the future consequences of activity that was not the subject of a <u>Planning</u> Board permit would lose some significance once that activity becomes permitted, the same argument applies with equal force to the challenges that Seymour raises to the Board's decision in her own appeal. Even though, in opposing the motion to dismiss, the Town notes the lack of symmetry in Seymour's motion, she has not responded by seeking to subject her appellate rights to the same disposition she seeks for the Town's. If the issuance of a permit marginalizes the ~~Planning~~ Board's earlier decision that she does not need a permit, then the same would be true with respect to Seymour's own arguments on appeal if in fact each of the findings that she challenges here relate to the circumstances of the extraction that now would be allowed under the permit issued to her. That Seymour has not acted to dismiss her own case – and that she has not suggested that she would do so if the Town's appeal were

4

dismissed – is a telling insight into the limits of what the Board may have allowed through its permit.

The problem is compounded because the record of the Planning Board's permit process submitted by Seymour here is not complete. The record supporting her motion consists of Seymour's permit application, some Planning Board meeting minutes that are skeletal in part, and the permit ultimately issued by the Planning Board. That record material, however, makes reference to documents and other submissions, such as maps, deeds and a sketch plan, that have not been submitted here. Thus, it is impossible to determine whether all issues raised by the parties on appeal have been subsumed by the permit.

For these reasons, the court denies Seymour's motion to dismiss and consequently addresses the merits of the parties' appeals. In doing so, this court reviews the Board's decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Peregrine Developers, LLC v. Town of Orono*, 2004 ME 95, ¶ 8, 854 A.2d 216, 219. For the reasons set out below, the court concludes that as a matter of law the Law Court's decision issued in August 2004 embodies the conclusive determination of the issues that were also presented to the Board for consideration and decision; that the Board's decision was contrary to the Law Court's disposition of the issues now at bar; and that Seymour is barred from relitigating those issues in the present context.

The current Levant Land Use Ordinance was adopted on June 22, 1996. Section 1220(B)(2) states that all excavations "greater than 1000 cubic yards in a calendar year shall require Planning Board approval before the activity is commenced." Section 1220(A) states that, "existing gravel pits may continue to operate as long as the extraction does not make the pit more non conforming." An existing non-conforming use is defined as one that "lawfully existed immediately prior to the enactment of this Ordinance . . . ." TOWN OF LEVANT, MAINE LAND USE ORDINANCE (Land Use Ordinance) § 910. The ordinance also establishes that "[t]he following requirements shall apply to mineral exploration activities . . . . (6) Extraction operations shall not be permitted within one hundred fifty feet (150') of any property line . . . . (10) Excavation may not occur below road level within one hundred fifty feet (150') of a road right-of-way." Land Use

5

Ordinance §§ 1220(D)(6), (10). Because the gravel pit existed on the south side of the Tay Road prior to the effective date of the ordinance but excavation on the northern side of the road did not begin until 2002, both the Board and District Court were called to first decide whether the northern pit "existed" before the ordinance was adopted in 1996. If it did "exist" then, it did not require Planning Board approval to continue to operate as long as it did not become more "nonconforming." In either case, the Board then had to decide whether and how to apply the setback requirements of section 1220(D).

Invoking the doctrine of res judicata, the Town argues that the Board's decision should be vacated and that Seymour should be barred from litigating issues that were adjudicated adversely to her in the District Court judgment that had been affirmed by the Law Court on August 31, 2004, and thereby became final prior the time the Board issued its decision.

> The doctrine of res judicata is a court-made collection of rules that ensures that the same matter will not be litigated more than once. The doctrine has developed two separate components, issue preclusion and claim preclusion. Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding. Claim preclusion bars relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.

*Macomber v. MacQuinn-Tweedie*, 2003 ME 122, ¶ 22, 834 A.2d 131, 138-39 (citing *Machias Sav. Bank v. Ramsdell*, 1997 ME 20, ¶ 11, 689 A.2d 595, 595). "The effective date of a final judgment is the date of its rendition without regard to the date of the commencement of the action in which it is rendered or the action in which it is to be given effect." RESTATEMENT (SECOND) OF JUDGMENTS § 14 (1982). As applied here, these principles combine to give conclusive and determinative weight to the Law Court's adjudication of issues that were or could have been submitted to the Board for its subsequent determination.

A party is collaterally estopped from relitigating an issue arises "only if the identical issue necessarily was determined by a prior final judgment." *Button v. Peoples Heritage Savings Bank*, 666 A.2d 120, 122-23 (internal quotations omitted). A review of the District Court judgment and the Law Court's affirmance of it reveal that the District

6

Court adjudicated the same issues relating to factual matters and questions of the ordinance's construction as those presented to the Board. More particularly, just as the Board was required to do in the administrative proceeding now on appeal, in the rule 80K enforcement action the District Court was required to determine whether Seymour's northern pit was being used in violation of sections 1220(A) and 1220(D) and how those sections should be properly interpreted and applied. The District Court proceeding thereby generated factual issues (i.e., when excavation began in the two pits; the dimensions of the northern pit; its proximity to Tay Road, property lines and the southern pit; the layout of the area; and the amount of material excavated from the northern pit) as well as legal issues (i.e., whether the northern pit was "grandfathered" under section 1220(A); and whether the setback requirements of section 1220(D) apply to the northern pit). Thus, the enforcement action resulted in a dispositive adjudication of the very issues that Seymour attempts to argue here.

Further, in the rule 80K issues, Seymour had a fair opportunity and incentive to litigate these issues that are common to the administrative proceeding, thus satisfying this separate element that is a predicate to the application of collateral estoppel.

Seymour argues that she should not be collaterally estopped from relitigating the issues that the Law Court settled because, she urges, that action constituted an enforcement proceeding, while the administrative proceeding had a different purpose. However, the difference in remedies that may be available in separate proceedings does not foreclose the effects of collateral estoppel. *Cline v. Me. Coast Nordic*, 1999 ME 72, ¶¶ 10-13, 728 A.2d 686, 688-89. *Cf. Town of North Berwick v. Jones*, 534 A.2d 667, 670-71 (Me. 1987) (a municipality is collaterally estopped by previous planning board determinations from relitigating claims in an enforcement action).

Seymour also argues that the Town has waived any res judicata argument because it failed to raise the bar at the administrative level. This contention fails for two reasons. First, the Law Court issued its decision after the Board had completed its hearing process but prior to date it issued its written decision. Because of this sequence, the Town had no opportunity to argue that the Law Court's decision has the preclusive effect discussed here. Second, the notion of res judicata is one of law, and the absence of administrative

consideration of its effect does not hinder the court from considering its legal implications here.

The second aspect of res judicata, namely, claim preclusion, bars litigation of issues that might have been adjudicated in the prior action. The question of claim preclusion arises because Seymour makes two arguments here that, to the extent revealed by the record, she did not raise in the enforcement action: whether the relevant requirements of the ordinance are preempted by certain regulations promulgated by the Maine Department of Environmental Protect, and whether section 1220(D)(10) is rendered inapplicable because the excavation north of the Tay Road is actually not a "mineral exploration" activity and thus does not fall subject to the road setback restriction set out in section 1220. The court concludes that the three elements of claim preclusion as set out in *Macomber* and other similar cases are satisfied here and that Seymour is barred from raising those new issues here and now.

Because the parties in the two proceedings are identical and because the prior proceeding spawned a final judgment, the first two elements have been met. The remaining question is whether the two issues that Seymour advances here are ones that could have been raised in that prior proceeding, even though she did not do so. The Law Court has adopted a "transactional test" where the causes of action are deemed to be identical and thus trigger claim preclusion. Under that test, inquiry is made to determine if they arose out of the "same nucleus of operative facts." *Town of Ogunquit v. Cliff House & Motels, Inc.*, 2000 ME 169, ¶ 12, 759 A.2d 731, 735. Here, the administrative and enforcement actions arose out of the identical factual setting where the same factual and legal issues were at stake. Seymour's DEP preemption and ordinance interpretation arguments bear directly on the questions of whether the ordinance's setback requirements should be applied to the northern pit and, if so, the effects of that application. Consequently, Seymour's failure to raise these contentions in the enforcement action, where she could have done so, precludes her opportunity to assert them here.

Finally, the Town challenges the Board's conclusion that the stop work orders issued by the CEO in 2002 were insufficient to put Seymour on notice of a claim that she had excavated gravel within the 150 foot setbacks associated with the boundaries of her abutters. Instead, the Board concluded that the order was sufficient only to allege a

8

violation of the setback associated with the Tay Road. The stop work order dated June 26, 2002, expressly alleged that Seymour was in violation of the municipal ordinance "by extracting material. . .within one hundred fifty feet (150') of a property line (Section D.6)." Section 1220(D)(6) creates a setback that is based on "any property line" of property owned by someone else. The setback created by the presence of a road is established in a provision other than the one cited by the CEO, namely, section 1220(D)(10). Thus, because of the specific reference to section 1220(D)(6) in the stop work order, the court concludes that the Board's decision was contrary to the clear evidence in the administrative record.

Ordinarily, this court would remand the matter to the Board for an adjudication of the Town's factual contention that Seymour violated the property line setback created in section 1220(D)(6). However, because that violation has been conclusively established in the enforcement action, no such administrative proceedings are necessary or proper.

The result of this appellate process is the conclusion that the Board erred in making factual findings that are contrary to those established in the enforcement action and in concluding that Seymour was not required to secure Planning Board approval in order to conduct excavation operations on that portion of her land north of the Tay Road. This case must be remanded to the Board for entry of orders to that effect. However, for the reasons stated above, the interplay between this final disposition of the administrative process and the existence of the permit issued recently to Seymour cannot be fully gauged. Thus, the best the court can do is to enter a remand order, while allowing that the Board's post-remand order shall not affect the validity or effect of the permit.

The entry shall be:

For the foregoing reasons, Seymour's motion to dismiss is denied.

The decision of the ~~Planning~~ Board of Appeals is vacated. This matter is remanded to the Board for entry of an order that is consistent with the terms of the judgment entered against Seymour in the related enforcement action. This includes, among other things, entry of an order establishing that Seymour's excavation activities on her land north of the Tay Road shall require the issuance of a valid municipal permit and shall be subject to the terms and conditions of any such permit.

This order shall not be deemed to affect or otherwise alter or modify the permit issued to Seymour on or about May 20, 2005.

9

Dated: December 23, 2005
(corrected January 7, 2006)

_____
Justice, Maine Superior Court

10

Date Filed 7/20/04      PENOBSCOT      Docket No. AP-2004-17
County      AP-2004-18

Action    80B APPEAL

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

| | | | INHABITANTS OF THE TOWN OF LEVANT, |
| LAURIE M. SEYMOUR | | VS. | BOARD OF APPEALS |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ROBERT E. MILLER, ESQ.<br>P O BOX 414<br>OLD TOWN, ME. 04468-0414 | THOMAS A. RUSSELL, ESQ.<br>P O BOX 738<br>BANGOR, ME. 04402-0738 |

| Date of Entry | |
|---|---|
| 7/20/04 | Rule 80B Complaint filed by Appellant. |
| 7/22/04 | Entry of Appearance filed by Thomas A. Russell, Esq. on behalf of Appellee Town of Levant. |
| 7/23/04 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to all attorneys of record. |
| 8/11/04 | Acceptance of Service of Plaintiff's Complaint by Thomas Russell, Esq. filed. (s.d. 7/21/04) |
| 8/26/04 | Joint Motion for Consolidation of Rule 80B Appeals with proposed order filed by Defendant (with AP-2004-18) with proposed order. |
| 8/26/04 | Joint Motion for Enlargement of Time to file Briefs and submit record filed by Defendant with proposed order. |
| 9/3/04 | Order on Joint Motion for Enlargement of Time filed. Ordered that the parties' Joint Motion for Enlargement of Time is Granted. Be it further Ordered that the record be filed on or before October 29, 2004. Be it further Ordered that both parties shall file their initial briefs on or before December 3, 2004; and that both parties may file reply briefs within 14 days after receipt of the other party's brief. Copy forwarded to attorneys of record. |
| 10/27/04 | Joint Motion for Enlargment of Time filed by Parties with proposed order. |
| 11/9/04 | Order on Joint Motion for Enlargement of Time filed. Ordered that the parties' Joint Motion for Enlargement of Time is Granted. Be it further Ordered that the record be filed on or before December 31, 2004. Be it further ordered that both parties shall file their initial briefs on or befo February 4, 2005; and that both parties may file reply briefs within 14 days after the receipt of the other party's brief. Copy forwarded to attorneys of record. |

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
JUH-PEI - 1|7/03

Laurie Mullen Seymour,
    Appellant

v.

(Docket No. AP-04-17)

Inhabitants of the Town of Levant,
    Appellee

FILED & ENTERED
SUPERIOR COURT

JAN 09 2006

PENOBSCOT COUNTY

*****************************

**ORDER**

Inhabitants of the Town of Levant,
    Appellant

v.

(Docket No. AP-04-18)

Laurie Mullen Seymour,
    Appellee

Counsel for the Town of Levant has written the court and correctly advised that in its December 23, 2005, order, it made incorrect references to the Town's Planning Board and Board of Appeals, and that the year in which a permit was issued was stated incorrectly. Even in the absence of a formal motion, pursuant to M.R.Civ.P. 60(a), the court corrects those errors and issues a revised opinion that marks the changes with strike-outs and underlining. These corrections have no bearing on the court's substantive analysis or on the disposition of the appeals.

Dated: January 7, 2006

_____
Justice, Maine Superior Court

Date Filed __7/21/04__  __PENOBSCOT__  Docket No. __AP-2004-18__

County  AP-2004-17

Action __RULE 80B APPEAL__

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

INHABITANTS OF THE TOWN OF LEVANT  vs. LAURIE MULLEN SEYMOUR

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| THOMAS A. RUSSELL, ESQ.<br>P O BOX 738<br>BANGOR, ME.  04402-0738 | ROBERT E. MILLER ESQ<br>P O BOX 414<br>OLD TOWN ME  04468-0414 |

| Date of Entry | |
|---|---|
| 7/21/04 | Complaint Pursuant to Rule 80B of the Maine Rules of Civil Procedure filed Appellant. |
| 7/23/04 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to Appellant's attorney. |
| 8/11/04 | Entry of Appearance filed by Robert E. Miller, Esq. on behalf of Defendant Laurie Mullen Seymour. |
| 8/12/04 | Copy of Notice and Briefing Schedule 80B Appeal of Governmental Actions forwarded to attorney for Defendant. |
| 8/12/04 | Acceptance of Service as to Defendant by Robert E. Miller, Esq. filed. (s.d. 8/9/04) |
| 8/26/04 | Joint Motion for Consolidation of Rule 80B Appeals filed by Defendant (with AP-2004-17) with proposed order. |
| 8/26/04 | Joint Motion for Enlargement of TIme to file Briefs and submit record filed by Defendant with proposed order. |
| 9/3/04 | Order on Joint Motion for Enlargement of Time filed.  Ordered that the parties' joint motion for enlargement of Time is granted.  Be it further Ordered that the record be filed on or before October 29, 2004. Be it further Ordered that both parties shall file their initial briefs on or before December 3, 2004; and that both parties may file reply briefs within 14 days after receipt of the other party's brief.  Copy forwarded to attorneys of record. |
| 10/27/04 | Joint Motion for Enlargement of Time filed by Parties with proposed order. |

Over

STATE OF MAINE                           SUPERIOR COURT
PENOBSCOT, SS.                           CIVIL ACTION


Laurie Mullen Seymour,
    Appellant


            v.                           (Docket No. AP-04-17)


Inhabitants of the Town of Levant,
    Appellee


*************************                 **Order (Motion to Alter or Amend)**


Inhabitants of the Town of Levant,
    Appellant


            v.                           (Docket No. AP-04-18)


Laurie Mullen Seymour,
    Appellee


Laurie Mullen Seymour has filed a motion to alter or amend the judgment dated December 23, 2005, as corrected by order dated January 7, 2006. She raises three bases for relief. The first relates to incorrect references to the municipal boards and has been corrected in the amended order dated January 7, 2006. The second is a request for substantive relief and is denied because, as is indicated in a second order dated January 7, 2006, the corrections in the references to the municipal boards had no effect on the court's analysis or conclusion.

Finally, Seymour seeks a modification of the mandate so that the case will not be remanded to the Board of Appeals for an adjustment of the terms of the order that generated the appeal. Seymour contends that such a remand will result in unnecessary work by the Board and unnecessary expense to her, although the court views the post-

1

remand municipal process as a ministerial event. Nonetheless, the Town does not oppose this part of Seymour's motion, expressing satisfaction with the state of the record when seen in light of the Law Court's decision in the enforcement action. Therefore, the parties shall confer and jointly submit a proposed amended mandate that will include a final, substantive resolution of the appeal. (An order simply vacating the administrative decision will not be sufficient, because it leaves that process without a final resolution.)

The clerk shall incorporate this order into the docket by reference.

Dated: March 7, 2006

Justice, Maine Superior Court
Jeffrey L. Hjelm

Date Filed 7/20/04  PENOBSCOT  Docket No. AP-2004-17
County  AP-2004-18

Action 80B APPEAL

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

LAURIE M. SEYMOUR  vs.  INHABITANTS OF THE TOWN OF LEVANT, BOARD OF APPEALS

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ROBERT E. MILLER, ESQ.<br>P O BOX 414<br>OLD TOWN, ME.  04468-0414 | THOMAS A. RUSSELL, ESQ.<br>P O BOX 738<br>BANGOR, ME.  04402-0738 |

| Date of Entry | |
|---|---|

Date Filed 7/21/04  PENOBSCOT  Docket No. AP-2004-18
County  AP-2004-17

Action RULE 80B APPEAL

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**

INHABITANTS OF THE TOWN OF LEVANT  vs.  LAURIE MULLEN SEYMOUR

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| THOMAS A. RUSSELL, ESQ.<br>P O BOX 738<br>BANGOR, ME.  04402-0738 | ROBERT E. MILLER ESQ<br>P O BOX 414<br>OLD TOWN ME  04468-0414 |

| Date of Entry | |
|---|---|
| 7/21/04 | Complaint Pursuant to Rule 80B of the Maine Rules of Civil Procedure filed Appellant. |
| 7/23/04 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to Appellant's attorney. |
| 8/11/04 | Entry of Appearance filed by Robert E. Miller, Esq. on behalf of Defendant Laurie Mullen Seymour. |